### CROCHET v. FAUST ET AL.

---

(October 19, 1931.  Opinion and Decree.)
(November 3, 1931.  Rehearing Refused.)

---

Ed. J. de Verges and Lubin F. Laurent, of New Orleans, attorneys for plaintiff, appellee.

Legier, McEnerny & Waguespack, of New Orleans, attorneys for defendants, appellants.

JANVIER, J. Plaintiff, a contractor, claims from Mr. and Mrs. Faust, defendants, $770.50, which he alleges is the balance due him for labor and material furnished in making alterations and repairs to certain buildings belonging to Mrs. Faust. The contract stipulated for a total payment of $2,500.

During the course of the work certain extras were ordered and certain other work was done by plaintiff, and the controversy now before us results from a disagreement over certain items which plaintiff contends should be paid for as extras, but which, according to defendants, should not have been charged for because of the fact that those items were required to be done solely because of defective work originally done by plaintiff.

The district court rendered judgment in plaintiff's favor for $593 and ordered the cancellation of the recordation of the lien.

The record is voluminous, and we have found it extremely difficult to analyze the detailed contentions of the parties.

So far as Mr. Faust is concerned, we are well convinced, as was our brother below, that he was not a party to the contract and incurred no responsibility in connection therewith.

While the dispute was in progress, the parties presented to Mr. Fromherz, an architect, their various contentions, and an accounting was at that time prepared, which showed that the total work for which at that time plaintiff claimed payment amounted to $3,136.80, $2,500 of which represented the original contract price and $636.80 of which represented the extras, for which he was then claiming payment. There were two items totaling $57 for which Mrs. Faust should have been allowed credit, so that the total amount due plaintiff for the whole work was $3,079.80. During the progress of the work defendant paid to plaintiff on account and plaintiff accepted $2,631.03. If this amount be deducted from the total amount due, we find that there was a balance to which plaintiff was entitled amounting to $448.77.

Some time before this suit was filed, defendant sent to plaintiff check for $475, on the back of which she had written the following words:

"Endorsement constitutes receipt for all work done at premises Nos. 5900 and 5902 Prytania Street as per contract dated Jan. 16, 1928 between A. P. Crochet and Marie E. Faust."

The check was received by Crochet, but shortly thereafter he notified defendants that he would not accept it in full settlement and thereafter he filed this suit, retaining the check in his possession. Since defendants had informally tendered to plaintiff more than the amount to which he was entitled, they were not required by law to do the vain thing of making a formal tender. Plaintiff's refusal to indorse and deposit the check and his notification to them that he would not accept the amount relieved them of the necessity of doing so, especially since he retained the check in his possession. Since, then, defendants have at all times been willing to pay even more than the amount to which plaintiff is entitled, it follows that they should not be required to pay the costs of the suit.

The conclusion which we have reached makes it unnecessary that we consider the technical defense of estoppel relied upon to some extent by defendants, which estoppel they claim results from the fact that plaintiff retained in his possession the

check which was tendered in full settlement. We also feel that the pretended lien was not properly · recorded and that since the amount claimed is not due, and since defendant, Mrs. Faust, has at all times been · willing to pay, at least, the correct amount due, the lien should be canceled at the cost of plaintiff.

Since defendant admitted an indebtedness of $475, we think the judgment should be for that amount.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is amended by reducing the amount thereof to $475, and, as thus amended, it is affirmed, all costs to be paid by plaintiff.